IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DERI VENTURA GARCIA,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO.  04-2336(SEC)
Criminal No. 97-082 (SEC)

# REPORT AND RECOMMENDATION

## INTRODUCTION

On December 2, 2004, petitioner Deri Ventura-García filed a motion and affidavit in support of a 28 U.S.C. § 2255 petition seeking to vacate his sentence after he was convicted by a jury trial of a violation to 21 U.S.C. §846, a conspiracy to possess with intent to distribute multi kilogram amounts of cocaine, heroin, and marijuana as prohibited by Title 21 U.S.C. §841(a)(1).  Petitioner submits the court's sentencing upon facts not reflected in the jury's general verdict or the Superseding Indictment related to drug quantity amounted to a due process violation.  Ineffective assistance of counsel is also claimed for failure to object to the court's consideration of these sentencing issues. In addition, petitioner avers the trial court committed error by denying his motion for new trial.   (**Docket No. 1**).

The government filed a Response in Opposition (**Docket No. 9**) and petitioner thereafter filed a Traverse (**Docket No. 12**).

On February 15, 2005, the § 2255 petition was referred to this Magistrate Judge for report and recommendation.  (**Docket No. 11**).

## PROCEDURAL BACKGROUND

Petitioner was indicted, together with other seventy six (76) co-defendants, for participating in a conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846.[1]

Petitioner and other co-defendants were convicted after a jury trial which lasted over forty (40) days and was found guilty of Count I (the drug conspiracy).  On December 19, 2001, petitioner was sentenced to the maximum statutory imprisonment of twenty (20) years, that is, two hundred and forty (240) months, to be served consecutive to a state sentence for murder to which he had previously pleaded guilty.  The federal sentence also included a term of supervised release of five (5) years and a special monetary assessment of $100.  (Criminal No. 97-0082, Sentencing Transcript 12-19-2001).

Petitioner timely filed a direct appeal and on August 22, 2003, his conviction and sentence were affirmed.  United States v. García-Torres, 341 F.3d 61 (1st Cir. 2003). Only co-defendant García-Torres submitted a *certiorari petition* before the Supreme Court which was denied on February 23, 2004.

---

[1] 21 U.S.C. §846.  **Attempt and conspiracy**
Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

United States v. Deri Ventura García
Civil No. 04-2336
Report & Recommendation
Page No. 3

## LEGAL ANALYSIS

**I.    The petition is timely under AEDPA.**[2]

This § 2255 petition was filed before the Court on December 2, 2004 (**Docket No. 1**). A review of the record shows petitioner dated the petition November 3, 2004. Petitioner timely filed a direct appeal and on August 22, 2003, his conviction and sentence were affirmed. There is no mention that *certiorari* before the Supreme Court was ever filed as to this petitioner. As such, the date to be considered for purposes of AEDPA[3] is one year since the last judicial determination on petitioner became final and absent *certiorari* this would be ninety (90) days since August 22, 2003.[4] If this Magistrate Judge considers the date when petitioner signed the §2255 while incarcerated, not necessarily when the petition appears to have been received and filed with this Court almost one month later, that is, December 2, 2004, the effective date would not exceed the one-year limitation period under AEDPA. In fact, the envelope wherein the petition was mailed to this District Court appears stamped by the Federal Prison in Edgefiled, SC, November 4, 2004.[5]

---

[2] Petitioner has not provided or addressed having filed *a certiorari* before the Supreme Court nor has the government's reply raised this petition should be considered time-barred. Accordingly, only a succinct discussion of the timeliness of the issues raised by the parties will follow.

[3] Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214 (1996) (AEDPA).

[4] Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 71 (1st Cir. 2002); Donovan v. Maine, 276 F.3d 87, 91 (1st Cir.2002) (for purposes §2255 the limitation period is determined upon expiration of the ninety day period when petitioner could have sought certiorari before the Supreme Court).

[5] *See* Donovan v. Maine; *see also* Nara v. Frank, 264 F.3d 310, 315 (3d Cir.2001) (explaining that "if an inmate is confined in an institution, his notice of appeal (or federal habeas petition) will be timely if it is deposited in the institution's internal mail system on or before the last day for filing"); *and see* Houston v. Lack, 487 U.S. 266, 276, 108

In conclusion, conviction for a federal defendant who fails to file a petition for a *writ of certiorari* becomes "final," for purposes of running of period of limitations on post-conviction review and applicability of a newly announced rule of criminal procedure on that review, when the period in which he seasonably might have done so expires. 28 U.S.C.A. §§ 2244(a); 28 U.S.C. §2255.[6] *See* Derman v. United States, 298 F.3d 34 (1st Cir. 2002).

Accordingly, petitioner's claim is timely.

## II.  **Apprendi[7] Claim**.

Petitioner submits the sentencing court's determination as to facts not reflected in the jury's verdict or on the Superseding Indictment as to quantity of drugs to be attributed to him in the conspiracy violates his due process and the Apprendi rationale.

In a conspiracy case, to apply the mandatory minimum to a particular co-conspirator, the sentencing court must make a specific finding, supportable by a preponderance of the evidence, ascribing the triggering amount to that co-conspirator. *See* United States v. Colón-Solis, 354 F.3d 101, 103 (1st Cir. 2004); United States v. Swiney, 203 F.3d 397, 401-06 (6th Cir. 2000); United States v. Becerra, 992 F.2d 960, 967 n. 2 (9th Cir. 1993); United States v. Gilliam, 987 F.2d 1009, 1013-14 (4th Cir. 1993).

---

S.Ct. 2379 (1988); Morales-Rivera v. United States, 184 F.3d 109, 110-11 (1st Cir.1999) (per curiam).

[6] A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
   (1) the date on which the judgment of conviction became final; ... 28 U.S.C. §2255.

[7] Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

In Apprendi, the Supreme Court held as a matter of constitutional law that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," 530 U.S. at 488. Thus, the due process clauses of the Fifth and Fourteenth Amendments make the jury the proper decision maker and the reasonable doubt standard is the proper burden, when a fact raises the maximum lawful punishment. Id. This is only applicable in situations where "the judge-made factual determination increased the maximum sentence beyond the statutory maximum, and not in situations where the defendant's potential exposure is increased within the statutory range." United States v. Baltas, 236 F.3d 27, 40 (1st Cir. 2001).

Prior to the Apprendi decision courts were certain that drug quantity was merely a sentencing issue, not an essential part of the conviction. *See, e.g.*, United States v. Lindia, 82 F.3d 1154, 1160-61 (1st Cir. 1996). However, subsequent to Apprendi, where drug quantity elevated the statutory maximum sentence, it needs to be proven beyond a reasonable doubt to the jury, although judges could still make all other drug quantity determinations at sentencing. *See* United States v. López-López, 282 F.3d 1, 22 (1st Cir. 2002). Thus, Apprendi has resulted in verdict questions to juries about drug quantity, which questions were asked only if the jury had found guilt on the underlying offense.

United States v. Deri Ventura García
Civil No. 04-2336
Report & Recommendation
Page No. 6

---

Additionally, after <u>Blakely v. Washington</u>[8], various courts have ruled that all sentence-enhancing factors (other than criminal history) must be proven to a jury beyond a reasonable doubt. *See* <u>United States v. Pérez</u>, 338 F.Supp.2d 154 (D. Me. 2004); *see also* <u>United States v. Rivera-Calderón</u>, 354 F.Supp.2d 86, 2005 WL 188853 (D. P.R. 2005).

Turning to this case, the <u>Apprendi</u> issues raised in this petition, even on the most liberal interpretation, should be subject of summary dismissal.

The arguments raised under <u>Apprendi</u> fail to present a challenge to the conviction nor to the question of guilt or innocence in this post-conviction motion. <u>Apprendi</u> does not apply either to cases in which a guideline finding does not increase the sentence beyond a statutory maximum. <u>United States v. Marino</u>, 277 F.3d 11 (1st Cir. 2002), *cert. denied* 536 U.S. 948 (2002).

<u>Apprendi</u> would not preclude a sentencing court from considering a fact that has not been submitted to the jury for purposes authorized by the sentencing guidelines--so long as the sentence imposed does not exceed the applicable statutory maximum. *See* <u>United States v. Caba</u>, 241 F.3d 98, 100 (1st Cir. 2001). Nor is <u>Apprendi</u> violated by the imposition of

---

[8] In <u>Blakely</u>, the Supreme Court held that the Sixth Amendment right to trial by jury was violated by imposition of a sentence above the "statutory maximum of the standard range" in the State of Washington's sentencing guidelines, because the sentence enhancement was based on aggravating facts that were determined by judicial, rather than jury fact finding.  As such, the Sixth Amendment is deemed violated by imposition of a sentence greater than "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.... [T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."  Thus, the Sixth Amendment is violated by judicial fact finding of facts germane to the application of a sentence enhancement. However, Blakely also asserts that the Sixth Amendment is not violated if the defendant admits or stipulates to the facts germane to application of the sentence enhancement and further instructs that nothing prevents the defendant from waiving his right to a jury trial of sentence enhancements.

United States v. Deri Ventura García
Civil No. 04-2336
Report & Recommendation
Page No. 7

consecutive sentences to the extent necessary to achieve the prescribed total punishment under § 5G1.2--so long as the defendant does not receive greater than the statutorily prescribed maximum sentence on any particular count. *See* United States v. Feola, 275 F.3d 216, 219 (2d Cir. 2001).

In the instant case, petitioner was sentenced to two hundred and forty (240) months of imprisonment, that is, twenty (20) years, which the sentencing court clearly indicated was the statutory maximum, for which no Apprendi violation ensued. As the Court of Appeals for the First Circuit has held on numerous occasions, "[n]o Apprendi violation occurs when the district court sentences a defendant below the default statutory maximum". United States v. Barnes, 244 F.3d 115, 119 (1st Cir. 2001). United States v. Campbell, 268 F3d. 1 (1st Cir. 2001).

### III.   **Blakely, Booker and Fanfan[9] are not applicable to collateral review**.

Although petitioner raises his claim under Blakely v. Washington and the government's response discusses same is inapplicable, it would be more appropriate to discuss the application of the Federal Sentencing Guidelines under Booker and Fanfan, as being the most recent decisions of the United States Supreme Court on this matter upon making the federal sentencing guidelines advisory. For this reason, Blakely has no longer effect as to federal sentencing.

The retroactive effect of Booker, in establishing a new rule about the federal Sentencing Guidelines, was not addressed by the Supreme Court in its decision, covering solely those cases

---

[9]   United States v. Booker, United States v. Fanfan, 543 U.S. ----, 125 S.Ct. 738 (2005),

which were not final when the decision was issued on January 12, 2005. Booker 125 S.Ct. at 769; *see* McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005) (Booker does not apply retroactively to criminal cases that became final before its release); *cf.* United States v. Hughes, 2005 WL 147059 (4th Cir. 2005) (enhancement factors for sentencing used by court not jury although correct under the Guidelines allowed for re-sentencing after Booker). *See also* United States v. Mackinnon, ___ F.3d ___, 2005 WL 605031, slip op. No. 03-2219 (1st Cir. March 16, 2005) (The principles announced in Booker apply to all cases pending on direct review); United States v. Sahlin, 399 F.3d 27 (1st Cir. 2005) (Booker provides no basis to vacate the entry of a pre-Booker guilty plea); United States v. Antonakopoulos, 399 F.3d 68 (1st Cir. 2005).

In any event, even under Blakely the arguments raised by petitioner would not be considered since, on one hand the Supreme Court has not extended Blakely's holding to the federal sentencing guidelines and on the other hand, even if the Court did apply Blakely to the federal guidelines, Blakely would not apply retroactively to initial § 2255 motions for collateral relief.

Thus, no retroactive effect is applicable to this case on collateral review.

**IV.   Booker-Fanfan claims.**

The argument that a Booker error occurred is preserved if the defendant below argued Apprendi or Blakely error or that the Guidelines were unconstitutional. This is broader in scope than the argument that the mandatory Guidelines system was unconstitutional. Generally, there is no Booker argument if the sentence imposed was a statutory mandatory minimum sentence

resulting from facts found by a jury or admitted by the defendant. Antonakopoulos, 399 F.3d at 76.

The applicable framework for review of unpreserved Booker claims appears in Antonakopoulos, 399 F.3d at 74 pursuant to the four-prong test established in United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770 (1993), to wit; there must be (1) an error (2) that is plain, and it (3) affects substantial rights and (4) seriously impairs the fairness, integrity, or public reputation of judicial proceedings. The first two (2) prongs of the plain error test are met whenever the district court treated the Guidelines as mandatory at the time of sentencing. *Id.* But to meet the third prong of the test, the defendant must persuade us that there is a "reasonable probability that the district court would impose a different sentence more favorable to the defendant under the new 'advisory Guidelines' Booker regime." *Id.* "[I]t is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice under plain-error analysis." *Id*. at 77 (citations and internal quotation marks omitted). See United States v. Serrano-Beauvaix, 400 F.3d 50 (1st Cir. 2005).

The record in the instant case does show petitioner preserved the issues and the District Court at the time of sentencing ruled under Apprendi provisions by sentencing defendant under the catch all provisions of §841(b)(1)(C) and within the range allowed by the statute upon considering both the quantity of drugs determination not being an issue before the jury nor the cross reference provisions of the Sentencing Guidelines as to the alleged murders that were neither submitted to the jury.

However, petitioner has failed to meet his burden, under the third prong enunciated there is a reasonable probability he would be sentenced more leniently under an advisory Sentencing Guideline system.

In light of the sentencing court's clear manifestations, to wit, the evidence presented at trial clearly showing defendant fully participated in the narcotic trafficking conspiracy; had a leadership role therein; the conspiracy entailed weapons at all times; defendant plead guilty at state level to second degree murder encompassed within the time frame of the conspiracy; and at trial there was evidence he participated in such murder wherein his car was used and money was contributed towards the murder, it is clearly showed there is no likelihood that post-Booker, defendant would be sentenced more leniently. Beauvaix-Serrano, 400 F.3d at 50; *cf*. Mackinnon, supra. (the sentencing court criticized the government's decision to file an §851 information and considered the sentence policies applicable under the Guidelines to be unjust and excessive and granting no authority to for leniency).

Finally, it would be most difficult to elucidate how a sentencing court in the year 2001 might have sentenced a defendant under the regime now established by Booker.

Accordingly, petitioner's § 2255 petition under the above discussed grounds is considered to be without merit.[10]

---

[10] Still, the sentencing judge in the instant case may revisit this issue on leniency when considering this Magistrate Judge's report and recommendation, as to which petitioner will have an opportunity to submit timely objections. *See* cases cited in Serrano-Beauvaix, 400 F.3d at 50; United States v. Hughes, 396 F.3d 374, 381 n. 8 (4th Cir. 2005); United States v. Oliver, 397 F.3d 369, 380 n. 3 (6th Cir. 2005) (*quoting* United States v. Cotton, 535 U.S. 625, 633, 122 S.Ct. 1781 (2002)); United States v. Rodríguez, 398 F.3d 1291, 1301 (11th Cir. 2005).

## V.     Ineffective Assistance for failure to seek Apprendi.

The claim of ineffective assistance of counsel should first address this petitioner's non-compliance with the requisites in Strickland v. Washington[11].

The legal standard applicable to the above-captioned petition is pellucidly clear. Petitioner must show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted. Strickland v. Washington, 466 U.S. at 687. *See also* López-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). Counsel's performance must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, as the Supreme Court has noted, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id*.

Petitioner's claim of ineffective assistance is limited to a generalized discussion related to previously discussed issues under Apprendi for the sentence enhancement for possession of firearm and as to the specific quantity of drugs not being determined in the conspiracy by the jury.

Additionally, under Strickland v. Washington, 466 U.S. at 688  counsel's performance is ineffective only if it was objectively unreasonable under prevailing professional norms. In light of the circumstances, petitioner is required to identify acts or omissions by counsel which need

---

[11]   Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068 (1984).

to be outside the wide range of professional competent assistance. At the time of petitioner's charges and sentencing, there was no hindsight that <u>Blakely</u> and subsequently <u>Booker</u> and <u>Fanfan</u>, would change the vision on the application of the federal Sentencing Guidelines, its policies and other considerations.

Additionally, counsel argued at sentencing and opposed the firearm enhancement should be considered, as well as submitted arguments in a motion for new trial that was ruled by the Court pursuant to Rule 33 of the Fed.R.Crim.P. (Docket No. 2710, 2266, 2311, 2422).

From a perusal of the criminal record, the Rule 11 transcript, and the sentencing proceedings, this Magistrate Judge cannot find that defense counsel's performance was unreasonable, there being no need for additional factual determinations to be made which would require an evidentiary hearing related to contentions in the §2255 petition.

**VI.    Issues Previously Raised on Appeal**.

Finally, petitioner submits the court erred by denying his motion for new trial. The District Court held a two (2) day hearing and issued an Opinion and Order which was fully discussed by the Court of Appeals (Docket No. 2710; <u>García Torres,</u> 341 F.3d at 69). Issues raised on direct appeal, those already resolved, and even those considered waived, are barred in this post-conviction motion. *See* <u>United States v. Escobar de Jesus</u>, 187 F.3d 148, 159-162 (1st Cir. 1999). In a collateral attack petitioner may not litigate again issues already raised and rejected on direct appeal nor new issues that could have been, but were not, raised in direct

appeal, absent an intervening change in the law. Davis v. United States, 417 U.S. 333, 342 (1974); Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1993).

As such, denial of the motion for new trial is not to be further considered in this post-conviction petition.

The petition should be denied in full on the grounds above discussed.[12]

## CONCLUSION

It is recommended that petitioner's claims in the post-conviction relief requested pursuant to § 2255 BE DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

---

[12] A hearing on petitioner's motion is not required in this case. A hearing on petitioner's motion would be required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, 28 U.S.C. §2255.
  Succinctly, a petition can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because "they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Dziurgot v. Luther, 897 F.2d 1222, 1225 (1st Cir. 1990) (quoting Myatt v. United States, 875 F.2d 8, 11 (1st Cir. 1989)). See United States v. Rodríguez-Rodríguez, 929 F. 2d 747, 749-50 (1st Cir. 1991); United States v. McGill, 11 F.3d 223, 225-26 (1st Cir. 1993).
  As discussed herein above, petitioner has not established merits to his post-conviction motion. Accordingly, petitioner is not entitled to an evidentiary hearing.

San Juan, Puerto Rico, this 6th day of April of 2005.

                      s/ CAMILLE L. VELEZ-RIVE
                        CAMILLE L. VELEZ-RIVE
                        UNITED STATES MAGISTRATE JUDGE