IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DERI VENTURA-GARCIA

Petitioner,

v.

UNITED STATES OF AMERICA

Respondent.

Civil No. 04-2336 (SEC)

**OPINION & ORDER**

Before the Court are Deri Ventura-Garcia's objections to a Magistrate Judge Report and Recommendation ("R & R") denying his *habeas corpus* petition. Docket No. 16. After reviewing the record and the applicable law, Ventura-Garcia's objections are **DENIED**.

**Background**

In December 1997, a grand jury sitting in the District of Puerto Rico returned a superceding indictment charging, among other things, that from 1994 to 1997 Ventura-Garcia and over seventy other individuals participated in a conspiracy to distribute illegal narcotics in violation of federal law. Ventura-Garcia was convicted following a jury trial that lasted over forty days, and he was sentenced to the statutory maximum term of imprisonment of 20 years. The conviction was affirmed on appeal. United States v. Garcia-Torres, 341 F.3d 61 (1st Cir. 2003), cert. denied, 540 U.S. 1202 (2004).[1]

---

[1] The Circuit Court described the conspiracy as follows:

> All of the appellants in this case allegedly participated in an extensive drug importation and distribution ring headed by Angela Ayala-Martínez ("Ayala"). Through contacts in Colombia, Ayala would arrange for large quantities of drugs to be air-dropped into the ocean off the coast of Puerto Rico. She would then send several of her associates-including Manuel Pérez-Colón ("Pérez-Colón") and appellants Andrés García-Torres ("Andrés") and Deri Ventura-García ("Ventura")-to recover the drugs from the ocean. The drugs would then be stored

**Case No. 04-2336(SEC)** 2

On December 2, 2004, Ventura-Garcia filed a *habeas corpus* petition under 28 U.S.C. § 2255, seeking to vacate his jury trial conviction. Docket No. 1. The Court referred the petition to a Magistrate Judge, who issued an R & R denying it. Docket No. 13. On April 28, 2005, the Court adopted the R & R as unopposed and dismissed Ventura-Garcia's petition. Dockets No. 14-15. The next day, the Court received Ventura-Garcia's objections to the R & R, which apparently had been deposited in the prisoners' mailbox system on April 21, 2005. Docket No. 16. On June 6, 2005, Ventura-Garcia filed a motion for reconsideration, moving the Court to consider as timely his objections to the R & R. Docket No. 17. The Court granted his motion and reopened the case. Docket No. 18.

In his objections to the R & R, Ventura-Garcia repeats the same arguments made in his § 2255 petition. In essence, Ventura-Garcia argues first that the Court erred in imposing the statutory maximum sentence without making a specific finding that he was accountable for a particular quantity or kind of drug. Docket No. 16, p. 2. Second, Ventura-Garcia argues that his counsel was ineffective, both at sentencing and on appeal, for failing to object to the Court's used of the general verdict at sentencing and to argue for the lesser sentence applicable to a multi-drug conspiracy. Id. at p. 3.[2]

---

by members of Ayala's organization and "decked" (i.e., prepared for distribution) by Ayala's confederates-including appellants Walter Batíz-Rivera ("Batíz"), Ventura, Andrés, and Andrés's brother, appellant Angel Manuel García-Torres ("Manuel"). The drugs were then distributed by these persons and others to places Puerto Rico and elsewhere in the United States.

Id. at 64. Multiple murders and acts of violence occurred as part of the conspiracy. Id.; see also United States v. Garcia-Torres, 280 F.3d 1 (1st Cir. 2002); United States v. Martinez-Medina, 279 F.3d 105 (1st Cir. 2002).

[2] The R & R had rejected these argument as legally unavailing. (Docket No. 13, p. 7 and 12).

**Case No. 04-2336(SEC)** 3
### Standard of Review

*Objections to R & R*

An adversely affected party may contest a magistrate's report and recommendation through written objections. Santiago v. GMD Airline Servs., Inc., 681 F. Supp. 2d 120, 123 (D.P.R. 2010) (citing Local Rule 72(b) &72(d)). The court shall then make a *de novo* determination of those portions of the report to which objections are filed. Id. In so doing, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. Id.; see also 28 U.S.C. § 636(b)(1). Since Ventura-Garcia filed an opposition to the R & R, the Court will review *de novo* those portions which he opposed.

*Habeas Corpus*

Under 28 U.S.C. §2255, federal district courts have jurisdiction to entertain *habeas corpus* motions from petitioners incarcerated by a federal judge. 28 U.S.C. §2255. Section 2255 provides four grounds on which a federal prisoner may challenge his sentence: (1) the sentence imposed is in violation of the Constitution and/or laws of the United States; (2) the court lacked the jurisdiction to impose the sentence; (3) the sentence exceeded the maximum term authorized by law; or (4) the sentence is otherwise subject to collateral review. Id. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). With respect to petitions that are "inadequate on [their] face, or although facially adequate, [are] conclusively refuted as to the alleged facts by the files and records of the case, *summary dismissal* is appropriate." Lema v. U.S., 987 F.2d 48, 51 (1st Cir. 1993) (internal citations omitted) (emphasis in original).

**Case No. 04-2336(SEC)** 4

**Applicable Law and Analysis**

*Apprendi Claim*

In his first objection, Ventura-Garcia argues that his "sentence was improper because in the absence of a special verdict form there was no way to know whether the jury intended to convict [him], in this multi-drug conspiracyCY [sic], for a cocaine-related conspiracy, a heroin-related conspiracy or for a conspiracy involving all the above." This objection is premised on Apprendi v. New Jersey, 530 U.S. 466 (2000), which states that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In this case, however, Ventura-Garcia's sentence fell within the maximum statutory term allowed under 21 U.S.C. §§841(b)(1)(C); therefore, Apprendi is of no help to him.

Ventura-Garcia also cites United States v. Melvin, 27 F.3d 710 (1st Cir 1994), arguing that "when a jury returns a general verdict to a charge that a conspiratorial agreement covered multiple drugs, the defendant must be sentenced as if he distributed only the drug carrying the lowest penalty." Docket No. 16, p. 2. This reading of Melvin is incorrect. The Circuit Court in Melvin affirmed a five-year sentence for gun possession (the lowest possible for the crime), despite the fact that the verdict did not specify the exact gun defendant was found guilty of possessing. 27 F.3d at 713-15. The Circuit, however, affirmed the sentence not because it was the lowest possible, as Ventura-Garcia argues, but because the applicable statute contained a catch-all provision under which possession of *any* firearm gave rise to a five-year sentence. Id. Here, the same holds true. Ventura-Garcia was sentenced under § 841(b)(1)(C), a catch all provision applicable to those found guilty of possessing with intent to distribute certain illegal drugs, or those conspiring to do so, regardless of whether the guilty verdict specifies the exact kind or quantity of drugs involved. 21 U.S.C. 841(b)(1)(C). Accordingly, Ventura-Garcia's reliance on Melvin is misplaced.

**Case No. 04-2336(SEC)**                                                                                        **5**

Lastly, Ventura-Garcia relies on Blakely v. Washington, 542 U.S. 296 (2004). The Blakely opinion was issued in 2004; that is, almost three years after Ventura-Garcia's conviction, and one year after it was affirmed. Blakely is therefore inapplicable to Ventura-Garcia's case. See Green v. United States, 397 F.3d 101, 103(2d Cir. 2005) (stating that the Blakely ruling does not apply retroactively). In any event, in Blakely, the defendant pleaded guilty to kidnapping and the trial court imposed a sentence *above* the statutory maximum based on a judge's finding of "deliberate cruelty." Blakely 542 U.S. 304-05. The Supreme Court held that since this fact was neither found by the jury nor admitted to by defendant, the *augmented* sentence was a violation of his Sixth Amendment right to a jury trial. Id. In this case, as stated previously, the Court did not *augment* Ventura-Garcia's sentence but imposed a sentence that fell within the statutory maximum. Accordingly, the Blakely rationale is also inapplicable to this case. For these reasons, Ventura-Garcia's first objection to the R & R is **DENIED**.

*Ineffective Assistance of Counsel Claim*

The standard of review for an attorney's performance is a very forgiving one. See U.S. v. Theodore, 468 F.3d 52, 57 (1st Cir. 2006) (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000)). A convicted defendant who questions the validity of the criminal proceeding against him by claiming ineffective assistance of counsel must meet the two-part test established by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). This requires the criminal defendant to first "establish that (1) 'counsel's representation fell below an objective standard of reasonableness', and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (citing Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005) (quoting Strickland, 466 U.S. at 684)). In relation to the first part of the test, the U.S. Supreme Court has stated that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 700.

**Case No. 04-2336(SEC)** 6

Even if a criminal defendant overcomes this rather formidable obstacle, his ineffective assistance claim will not prosper unless he can also establish the second prong of the test. Id. That is, Strickland's holding also requires a showing that counsel's deficient performance prejudiced the defendant. Id. at 694. Courts, however, need not address the two prongs of the test in the above order, or even analyze both. If the court is satisfied that the defendant cannot establish either that counsel was deficient, or that such deficiency prejudiced the defendant, it may dispose of the claim without further ado. Id. at 697.

Finally, the court's evaluation of counsel's performance must be highly deferential. Id. at 691. The Supreme Court has held that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Therefore, to make a fair assessment of an attorney's performance, the court should attempt to eliminate the distorting effects of hindsight. Id.

In this case, Ventura-Garcia claims that his lawyer failed to argue that the Court had improperly relied on a general verdict to sentence him. Docket No. 16, p. 3. Nevertheless, as stated above, the Court's sentence was proper. Moreover, it is well-settled law that "[a]s long as the sentence falls within th[e] statutory maximum, the district court may determine the quantity of drugs reasonably foreseeable to each defendant by a preponderance of the evidence and sentence each defendant accordingly." See e.g., United States v. Soto-Beniquez, 356 F.3d 1, 48 (1st Cir. 2004); see also, Derman v. United States, 298 F.3d 34, 43 (1st Cir. 2002) ("the government need only allege and prove to the jury the bare facts necessary to increase the statutory sentencing maximum for the conspiracy as a whole."). Thus, Ventura-Garcia's attack on his lawyer is without merits.

**Case No. 04-2336(SEC)**                                                                                                7

Furthermore, other than the foregoing legally flawed argument, Ventura-Garcia has provided the Court with nothing to support the contention that his lawyer performed unreasonably at trial and on appeal. In any event, the record before the Court proves rather unlikely that the conviction and sentence imposed to Ventura-Garcia would have been different without the alleged mishaps. As the R & R states, the evidence presented at trial clearly showed that (1) Ventura-Garcia had a leadership role in the narcotic trafficking conspiracy, (2) that the conspiracy entailed weapons at all times; (3) that Ventura-Garcia pleaded guilty at state level to a second degree murder encompassed within the time frame of the conspiracy; and (4) that Ventura-Garcia actively participated in such murder wherein his car was used and money was contributed toward the murder. Docket No. 13, p. 10. Ventura-Garcia cannot dispute this evidence or allege that his counsel improperly allowed it to be admitted into the record. And this evidence provides ample support for Ventura-Garcia's sentence. For these reasons, Ventura-Garcia's second objection to the R & R is **DENIED**.

**Conclusion**

For the foregoing reasons, Ventura-Garcia's objections to the R & R are **DENIED**. The Court therefore **ADOPTS** the R & R and **DENIES** Ventura-Garcia's § 2255 petition.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 17th day of March, 2011.

*s/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge

**Case No. 04-2336(SEC)** 8